1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11

JAMES ANTHONY DAVIS,
Inmate #81111,

12

Plaintiff,

13

14

vs.

15

16

SAPPHIRE TOWER; JANE DOE, Lisa,
Sapphire Sales Team; JOHN DOE, Chuck,
Sapphire Sales Team; JOHN DOE, Owner
and CEO Sapphire Tower,

17

18

Defendants.

19

Civil No.    10cv1368 JLS (POR)

**ORDER:**

**(1)  GRANTING MOTION TO
PROCEED *IN FORMA PAUPERIS*,
[Doc. No. 2];**

**(2)  SUA SPONTE DISMISSING
COMPLAINT FOR FAILING
TO STATE A CLAIM PURSUANT
TO 28 U.S.C. §§ 1915(e)(2) & 1915A**

20

James Anthony Davis ("Plaintiff"), an inmate currently incarcerated at High Desert State

21

Prison located in Indian Springs, Nevada  and proceeding pro se, has filed a civil rights action

22

filed pursuant to 42 U.S.C. § 1983.  Plaintiff has not prepaid the $350 filing fee mandated by 28

23

U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant

24

to 28 U.S.C. § 1915(a) [Doc. No. 2].

25

**I.**

26

**MOTION TO PROCEED IFP**

27

All parties instituting any civil action, suit or proceeding in a district court of the United

28

States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28

1    U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee

2    only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v.*

3    *Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner granted leave to proceed IFP

4    remains obligated to pay the entire fee in installments, regardless of whether his action is

5    ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847

6    (9th Cir. 2002).

7         Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a

8    prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account

9    statement (or institutional equivalent) for the prisoner for the six-month period immediately

10   preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113,

11   1119 (9th Cir. 2005).  From the certified trust account statement, the Court must assess an initial

12   payment of 20% of (a) the average monthly deposits in the account for the past six months, or

13   (b) the average monthly balance in the account for the past six months, whichever is greater,

14   unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The

15   institution having custody of the prisoner must collect subsequent payments, assessed at 20%

16   of the preceding month's income, in any month in which the prisoner's account exceeds $10, and

17   forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C.

18   § 1915(b)(2).

19        The Court finds that Plaintiff has submitted a certified copy of his trust account statement

20   pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.  *Andrews*, 398 F.3d at 1119.

21   Plaintiff's  trust account statement shows he has insufficient funds with which to pay any initial

22   partial filing fee. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be

23   prohibited from bringing a civil action or appealing a civil action or criminal judgment for the

24   reason that the prisoner has no assets and no means by which to pay [an] initial partial filing

25   fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve"

26   preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack

27   of funds available.").

28   / / /

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP [Doc. No. 2], and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.

## SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing."  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  However, in giving liberal interpretation to a pro se civil rights complaint, the court may not "supply essential elements of claims that were not initially pled."  *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."  *Id.*

1    Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person

2    acting under color of state law committed the conduct at issue, and (2) that the conduct deprived

3    the claimant of some right, privilege, or immunity protected by the Constitution or laws of the

4    United States.  *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on*

5    *other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d

6    1350, 1354 (9th Cir. 1985) (en banc).

7    Here, Plaintiff alleges that he has been subjected to discrimination by sales

8    representatives for a condominium complex in San Diego known as the "Sapphire Tower." (*See*

9    Compl. at 3-4.)  He further claims that his Fourteenth Amendment due process rights were

10   violated by Defendants because they "made statements to plaintiff with malice and/or

11   oppression." (*Id.* at 4.)  However, Plaintiff fails to allege any act on the part of Defendants

12   which were taken "under color of state law."  *See* 42 U.S.C. § 1983, 28 U.S.C.

13   § 1915(e)(2)(B)(ii).  Private parties do not generally act under color of state law; thus, "purely

14   private conduct, no matter how wrongful, is not within the protective orbit of section 1983."

15   *Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974); *see also Price v. Hawaii*,

16   939 F.2d 702, 707-08 (9th Cir. 1991).  While a plaintiff may seek to hold a private actor liable

17   under section 1983, he must allege facts that show some "state involvement which directly or

18   indirectly promoted the challenged conduct."  *Ouzts*, 505 F.2d at 553; *West v. Atkins*, 457 U.S.

19   42, 49, 54 (1988); *Johnson v. Knowles*, 113 F.3d 1114, 1118-1120 (9th Cir. 1997).  In other

20   words, Plaintiff must show that the private actor's conduct is "fairly attributable" to the

21   government.  *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *see also Vincent v. Trend*

22   *Western Technical Corp.*, 828 F.2d 563, 567 (9th Cir. 1987).

23   Here, Plaintiff's Complaint fails to allege facts sufficient to show that these Defendants

24   acted on behalf of, or in any way attributable to, the state.  Thus, without more, Plaintiff's

25   allegations against these Defendants fail to satisfy the first prong of a § 1983 claim.  *See*

26   *Haygood*, 769 F.2d at 1354.

27   / / /

28   / / /

Accordingly for the above stated reasons, the Court finds that Plaintiff's Complaint must be dismissed sua sponte for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B). *See Lopez*, 203 F.3d at 1126-27.

### III.

#### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1.    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

2.    The Warden for High Desert State Prison, or his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.    The Clerk of the Court is directed to serve a copy of this Order on Warden, High Desert State Prison, 22010 Cold Creek Road, Indian Springs, Nevada, 89070.

**IT IS FURTHER ORDERED** that:

4.    Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A. However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is filed in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

1   5.  The Clerk of Court is directed to mail a court approved § 1983 form complaint to

2 Plaintiff.

3

4

5 DATED: July 13, 2010

6                    Honorable Janis L. Sammartino
                    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28