# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ANTHONY DAVIS, Inmate No. 81111 | Civil No. 10-1368 JLS (POR) |
| Plaintiff, | **ORDER:** |
| vs. | **(1) VACATING ORDER GRANTING PLAINTIFF LEAVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(g); and** |
| SAPPHIRE TOWER, et al., | **(2) SUA SPONTE DISMISSING FIRST AMENDED COMPLAINT AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND § 1915A(b)** |
| Defendants. | |

Plaintiff, a Nevada state inmate currently incarcerated at High Desert State Prison, located in Indian Springs, Nevada and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]. On July 13, 2010, this Court initially granted Plaintiff's Motion to Proceed IFP but sua sponte dismissed his Complaint for failing to state a claim. *See* July 13, 2010 Order at 5-6. On August 26, 2010, Plaintiff filed his First Amended

1 Complaint ("FAC"). A review of Plaintiff's filings in the State of Nevada indicate that Plaintiff has had more than three actions dismissed for failing to state a claim and thus, he is barred from proceeding in this matter pursuant to 28 U.S.C. § 1915(g).

## I.

### REVOCATION OF IFP STATUS PURSUANT TO 28 U.S.C. § 1915(g)

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation IFP, that is, without the full prepayment of fees or costs. 28 U.S.C. § 1915(a)(2). However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim." *Andrews*, 398 F.3d at 1116 n.1. Thus, once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other action IFP in federal court unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible

1  allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of
2  filing.").[1]

3  While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his
4  request to proceed IFP, *Andrews*, 398 F.3d at 1119, "[i]n some instances, the district court docket
5  records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under
6  § 1915(g) and therefore counts as a strike." *Id.* at 1120. When applying 28 U.S.C. § 1915(g),
7  however, the court must "conduct a careful evaluation of the order dismissing an action, and
8  other relevant information," before determining that the action "was dismissed because it was
9  frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a
10 strike under § 1915(g)." *Id.* at 1121.

11 The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be
12 granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure
13 12(b)(6).'" *Id.* (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). *Andrews*
14 further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight or
15 importance" or "ha[s] no basis in law or fact." 398 F.3d at 1121 (citations omitted); *see also*
16 *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual
17 allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an
18 arguable basis in either law or in fact .... [The] term 'frivolous,' when applied to a complaint,
19 embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "A
20 case is malicious if it was filed with the intention or desire to harm another." *Andrews*, 398 F.3d
21 at 1121 (quotation and citation omitted).

22 The Court notes as an initial matter that it has carefully reviewed Plaintiff's Complaint,
23 as well as his First Amended Complaint, and has ascertained that it makes no "plausible
24 allegation" to suggest Plaintiff "faced 'imminent danger of serious physical injury' at the time

---

[1] The Ninth Circuit has held that section 1915(g) does not violate a prisoner's right to access to the courts, due process or equal protection; nor does it violate separation of powers principles or operate as an ex post facto law. *Rodriguez v. Cook*, 169 F.3d 1176, 1179-82 (9th Cir. 1999); *see also Andrews*, 398 F.3d at 1123 (noting constitutionality of § 1915(g), but recognizing that "serious constitutional concerns would arise if § 1915(g) were applied to preclude those prisoners who had filed actions who were not 'frivolous, malicious, or fail[ing] to state a claim' from proceeding IFP.").

1 of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Therefore, Plaintiff may be barred from proceeding IFP in this action if he has on three prior occasions had civil actions or appeals dismissed as frivolous, malicious or for failing to state a claim. *See* 28 U.S.C. § 1915(g).

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Here, the Court takes judicial notice that Plaintiff has had more than three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. *See Davis v. Metro Police Dept., et al.*, Nev. Case No. 04cv0368 HDM (VPC) (Oct. 13, 2004 Order Dismissing Plaintiff's Complaint for failing to state a claim) (strike one); *Davis v. Coumou*, Nev. Case no. 04cv0369 LRH (VPC) (Order Dismissing Second Amended Complaint for failing to state a claim) (strike two); *Davis v. Brooks, et al.*, Nev. Case No. 04cv0370 ECR (VPC) (Sept. 10, 2004 Order Dismissing Plaintiff's Amended Complaint for failing to state a claim) (strike three); and *Davis v. Brooks, et al.*, Nev. Case No. 04cv0373 ECR (VPC) (Oct. 26, 2004 Order Dismissing Complaint for failing to state a claim) (strike four).

Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he is under imminent danger of serious physical injury, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

/ / /

## II.

### SUA SPONTE SCREENING PER 28 U.S.C. § 1915A(b)

Even if the Court were to permit Plaintiff to proceed in this action by paying the initial civil filing fee in full, Plaintiff's First Amended Complaint is frivolous pursuant to 28 U.S.C. §1915A(b).

### A.  Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. § 1915A(b). Under this provision, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur

"before service of process is made on the opposing parties"); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at 1121. In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

In his First Amended Complaint, Plaintiff alleges that he was discriminated against by sales personnel when he attempted to purchase the penthouse condominium in a project known as "Sapphire Towers." *See* FAC at 3. Specifically, Plaintiff claims that the sales personnel refused to sell him the penthouse because he is African American. *Id.* While Plaintiff's allegations are serious in nature, the Court also takes judicial notice that Plaintiff is currently serving a sentence of twenty (20) years to life in Nevada and has a projected release date of December 6, 2023. *See Davis v. E.K. McDaniel*, Nev. Case No. 05cv0369 LRH (VPC) (Petition for Writ of Habeas Corpus filed by Plaintiff on August 1, 2005).[2]

Thus, it appears Plaintiff is attempting to bring an action under the Fair Housing Act even though he would not be able to reside in this location for, at least, thirteen more years. Moreover, Plaintiff's Motion to Proceed IFP in this matter showed that he only had .09 cents in his inmate trust account at the time he filed this action. *See* Pl.'s Mot. to Proceed IFP. A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Here, the Court finds Plaintiff's claims to be frivolous

---

[2] A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

under § 1915A because they lack even "an arguable basis either in law or in fact," and appear "fanciful," "fantastic," or "delusional." *Neitzke*, 490 U.S. at 325, 328.

### III. Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's IFP status is REVOKED pursuant to 28 U.S.C. § 1915(g), and the Court's July 13, 2010 Order granting Plaintiff's Motion to Proceed IFP [Doc. No. 3] is VACATED to the extent it permitted Plaintiff permission to pay the civil filing fee pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1) and (2).

2. The Clerk of the Court is directed to serve a copy of this Order on Warden, High Desert State Prison, 22010 Cold Creek Road, Indian Springs, Nevada, 89070.

**IT IS FURTHER ORDERED** that:

3. Plaintiff's First Amended Complaint is **DISMISSED** as frivolous pursuant to 28 U.S.C.§ 1915A(b). Moreover, because the Court finds amendment of Plaintiff's claims would be futile at this time, leave to amend is **DENIED.** *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

4. Further, this Court **CERTIFIES** that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: September 14, 2010

Honorable Janis L. Sammartino
United States District Judge